UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GUY AND DIANE SNOWDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| C. RICHARD LOFTIN | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT AND JURY DEMAND**

**i. Introduction**

1. By and through this action, Plaintiffs Guy and Diane Snowden ("Mr. and Mrs. Snowden") seek substantial damages arising from the Defendant C. Richard Loftin's ("Mr. Loftin") breaches of fiduciary duty and legal malpractice. Plaintiffs placed their trust in Mr. Loftin to represent their interests in connection with a significant real estate transaction on Nantucket. In connection with the representation, Mr. Loftin made a series of written and oral representations making clear that there were no title issues which would impair or impact the marketability of the property's title. Mr. and Mrs. Snowden relied to their detriment on the representations made to them by their chosen, trusted legal advisor.

2. In direct contravention of his fiduciary duties owed to the Plaintiff, Mr. Loftin failed to discover and/or disclose to his clients that, in fact, title to the property contained significant restrictions which materially impacted upon the property's marketability. In particular, Mr. Loftin failed to disclose that the property contained restrictions limiting the number of dwellings which could be constructed upon each lot. Plaintiffs first learned of these restrictions <u>after</u> they had entered into a binding contract to sell the property. As a result, Mr.

and Mrs. Snowden were forced to reduce the sale price of their property by $750,000. Mr. and Mrs. Snowden seek these damages and others arising from Mr. Loftin's acts and omissions as set forth below.

### ii.  Parties

3. Guy and Diane Snowden are individuals who reside in the state of Florida.

4. C. Richard Loftin is an individual who resides in Nantucket, Massachusetts. Mr. Loftin is attorney licensed to practice law in the Commonwealth of Massachusetts. Mr. Loftin works from law offices located at 36 Madaket Road, Nantucket, Massachusetts 02554.

### iii.  Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

### iv.  Facts

7. In or about 1993, Mr. and Mrs. Snowden retained Mr. Loftin to represent their interests in connection with their proposed and contemplated purchase of 119 Eel Point Road in Nantucket, Massachusetts. This property is shown as Lots 33 and 34 on Land Court Plan No. 13887-Y by virtue of Owners' Certificate of Title No. 16021 at the Nantucket Registry District for the Land Court (hereinafter referred to as "the Premises").

8. Mr. and Mrs. Snowden retained Mr. Loftin as their trusted legal advisor on the basis of his stated expertise and experience in handling real estate transactions.

9. Throughout his representation of Mr. and Mrs. Snowden, Mr. Loftin expressly confirmed to them orally and in writing that there were no title defects or other issues which would impact the title's marketability. By way of example only, and attached hereto as <u>Exhibit</u>

A is a copy of an Attorney's Certificate of Title executed by Mr. Loftin on November 16, 1993 certifying that he had examined title to the Premises "for a period of at least fifty years," that at the time of recording of the deed to the Premises, Mr. and Mrs. Snowden "held a good and sufficient record title to the Premises free from all encumbrances" and that, as for "**defects which may impair marketability of title**," there were "**none**." Id.

10. Mr. and Mrs. Snowden relied to their detriment upon Mr. Loftin's skill, analysis and representations in this regard.

11. At no time during the period of time they held title to the Premises did Mr. or Mrs. Snowden have reason to examine title to the Premises or to otherwise question Mr. Loftin's representations with regard to the marketability of title. Indeed, the Plaintiffs continued to rely upon Mr. Loftin's certifications throughout the time they held title to the Premises.

12. On July 29, 2020, Mr. and Mrs. Snowden elected to sell the Premises. In connection therewith, Mr. and Mrs. Snowden entered into a Purchase and Sale Agreement to sell Lot 33 to William and Elizabeth Scannell for the sum of $7,550,000 and to sell Lot 34 to Joseph Edward Norberg, Jr. for the sum of $6,550,000. See Exhibits B and C. (Mr. and Mrs. Scannell and Mr. Norberg shall be collectively referred to herein as "the Buyers").

13. The closing for both lots was scheduled for August 28, 2020 in Nantucket however the parties agreed to advance the closing date to August 11, 2020. Both Buyers made clear throughout the sale process that they intended to develop more than one dwelling on each lot.

14. On August 11, 2020, counsel for both buyers (Attorney Richard Glidden) contacted counsel for Mr. and Mrs. Snowden and disclosed a serious title issue which rendered both lots unmarketable. Specifically, Buyers' counsel disclosed that there was a Nantucket

Planning Board Form I Subdivision Covenant on record dated May 2, 1989 and registered as Document No, 48118 at the Nantucket Registry District (hereinafter referred to as "Covenant") and that this Covenant had <u>not been released</u> by the Nantucket Planning Board by the registration of a "Form J" release as required by M.G.L. c. 41, Section 81U.

15. The Covenant contains the following provision, in relevant part:

> Each of the two lots shown upon the subdivision plan shall be limited to construction of one dwelling on each lot, and a deed restriction to that effect shall be registered prior to the release of either lot.

16. Undoubtedly, this Covenant was not listed on Mr. or Mrs. Snowden's Certificate of Title prepared by Mr. Loftin or Mr. Loftin's Attorney Certification.

17. Mr. and Mrs. Snowden were unaware of the serious title issue at the time it was disclosed to them and did not have any reasonable basis to believe that any title issue existed with regard to the Premises.

18. Although this Covenant was listed in the memorandum of encumbrances on Mr. and Mrs. Snowden's predecessor in title's Certificate of Title No. 12592, the encumbrance was not carried forward by Mr. Loftin on Mr. and Mrs. Snowden's Certificate of Title No. 16021. <u>See</u> <u>Exhibits D and E</u>.

19. Mr. Loftin failed to raise, let alone address and resolve, this significant title issue in connection with his representation of Mr. and Mrs. Snowden prior to (or even after) their closing on the Premises.

20. Had Mr. Loftin disclosed the existence of the serious restriction on the Premise's title, Mr. and Mrs. Snowden would not have purchased the Premises absent the curing of the title issue or would have sought to renegotiate the purchase price to reflect the existence of this significant title restriction.

21. As a result of the unreleased Covenant, both lots were unmarketable and the Buyers refused to close on the real estate transaction on the financial terms previously agreed.

22. Mr. and Mrs. Snowden, who had pending a purchase of a home in Maine, were forced to substantially reduce the sale price of each lot by $375,000 on the condition that the Buyers take title to each respective lot subject to the provisions of the unreleased Covenant.

23. In addition to the $750,000 in price reduction losses, Mr. and Mrs. Snowden incurred $50,000 in additional costs and expenses associated with this issue. These losses included, but were not limited to, moving expenses, legal fees and the costs associated with the postponement of the closing on their new Maine home.

24. Mr. Loftin's failure to procure a Form J Release from the Form I Covenant at the Nantucket Registry District for the Land Court and his corresponding failure to so much as disclose to Mr. and Mrs. Snowden the fact that their title was unmarketable constitutes a breach of his fiduciary duty owed to Mr. and Mrs. Snowden and legal malpractice.

25. On November 11, 2020, Mr. and Mrs. Snowden, through counsel, forwarded a correspondence to Mr. Loftin placing him on notice of their legal claims and demanding relief. Mr. Loftin failed to respond to or even acknowledge counsel's correspondence.

## COUNT I – BREACH OF FIDUCIARY DUTY

26. Plaintiffs re-state and re-allege Paragraphs 1 through 25 as though fully set forth herein.

27. Mr. Loftin acted as legal counsel to Mr. and Mrs. Snowden in connection with the purchase of the Premises.

28. As Mr. and Mrs. Snowden's chosen legal advisor, Mr. Loftin owed a fiduciary duty to his client, including a duty of full and fair disclosure of facts material to his clients' interests.

29. As Plaintiffs' fiduciary, Mr. Loftin owed Plaintiffs fiduciary duties of care and loyalty. Mr. Loftin's fiduciary duty of care included a duty to represent Plaintiffs competently in accordance with all applicable standards of care and to make full disclosure to Plaintiffs of all information important and material to their affairs. Mr. Loftin's fiduciary duty of loyalty also included a duty to protect Plaintiffs' interests, to act honestly with Plaintiffs, to exercise complete and undivided loyalty on their behalf, to represent no adverse interests, and to engage in no self-dealing or otherwise use advantages arising out of their fiduciary relationship to achieve undue advantage or gain.

30. Mr. Loftin breached these fiduciary duties of care and loyalty to Plaintiffs by failing to deal honestly with Plaintiffs, failing to make full disclosure to them of all material information, failing to exercise complete and undivided loyalty to them, failing to disclose the existence of facts impairing the marketability of title to the Premises, and otherwise, as more fully described in this Complaint.

31. Among other things, Mr. Loftin knew or should have known that his failure to disclose all material information to Plaintiffs would have an adverse impact on Plaintiffs' legal rights and their financial, business, and personal interests.

32. Mr. Loftin's' breaches of fiduciary duty caused Plaintiffs to suffer reasonably foreseeable losses and damages that Plaintiffs would not have suffered but for Mr. Loftin breaching his fiduciary duties to Plaintiffs.

## **COUNT II – LEGAL MALPRACTICE**

33. Plaintiffs re-state and re-allege Paragraphs 1 through 32 as though fully set forth herein.

34. Mr. Loftin acted as legal counsel to Mr. and Mrs. Snowden in connection with the purchase of the Premises.

35. As counsel to Mr. and Mrs. Snowden, Mr. Loftin owed Mr. and Mrs. Snowden a duty to exercise that degree of care, knowledge, skill, competence, diligence, and loyalty in representing their interests used by similarly employed attorneys in the legal profession.

36. Mr. Loftin owed Plaintiffs a duty of undivided loyalty and fidelity and to represent their interests without nonconsentable or unconsented-to conflicts of interest.

37. Mr. Loftin owed Plaintiffs a duty to represent their interests honestly and in good faith, and to make full disclosure of all known information that was important and material to Plaintiffs' interests.

38. Mr. Loftin acted negligently in representing Plaintiffs in the manner described above.

39. Mr. Loftin violated the duties he owed to Plaintiffs in the manner described above.

40. Mr. Loftin's legal malpractice caused Mr. and Mrs. Snowden damage.

41. As a direct and proximate result of Mr. Loftin's negligence, Plaintiffs have suffered reasonably foreseeable losses and damages that Plaintiffs would not have suffered but for Mr. Loftin's negligence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Guy and Diane Snowden respectfully requests that this Court:

A. enter judgment in favor of Plaintiffs on Counts I and II;

B. award damages in an amount to be proven at trial;

C. award pre and post judgment interest; and

D. grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Guy and Diane Snowden demand a jury on all counts and issues so triable.

Respectfully submitted,

GUY AND DIANE SNOWDEN,

By their attorneys,

_____
David H. Rich, (BBO#634275)
drich@toddweld.com
Todd & Weld LLP
One Federal Street
Boston, MA 021109
(617) 720-2626
Dated: January 8, 2021            (617) 227-5777 (fax)